WILLIAM ROBINSON and JOHN GENTILE, Appellants, v. NEW YORK CENTRAL RAILROAD COMPANY, Respondent.— Motion for reargument denied; motion for leave to appeal to the Court of Appeals granted. [See 245 App. Div. 378.] Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

In the Matter of the Application of RUDOLPH INDERBITZEN, Respondent, for a Mandamus Order against CITY OF BUFFALO and Others, Appellants.— Motion for leave to appeal to the Court of Appeals denied, with ten dollars costs. Present — Taylor, Edgcomb, Thompson, Crosby and Lewis, JJ.

RAYMOND P. FOWLER, Respondent, v. PHILIP M. KING, Appellant.— Motion to resettle order entered October tenth denied, without costs. Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

JOSEPH SANGANETTI, SR., and Another, as Executors, etc., of CARMINO CATANZARO, Also Known as THOMAS ROSSI, Deceased, Respondents, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.— Judgment and order affirmed, with costs. All concur, except Sears, P. J., who dissents and votes for reversal on the law on the ground that error occurred in charging the requests of the plaintiffs' counsel to the effect that " a presumption arises that the age stated in the policy (of life insurance) is the true age; " and further " that the presumption arising from the receipt in evidence of the policy and application, that the age stated therein is the true age, and stands until rebutted by evidence which fairly satisfies the jury that the insured was in fact of some other age which would preclude or vacate plaintiffs' right to recovery." The defense based upon the misstatement of age was an affirmative defense and the burden was on the defendant to establish it (despite the charge of the court to the contrary) and the age stated in the policy was no proof whatever of the actual age of the insured and no presumption in respect to the true age arose therefrom. (The judgment is for the plaintiffs in an action to recover death benefit under two life insurance policies. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ISRAEL BALINSON, Appellant, v. WILLIAM HUNT, as Warden of Attica Prison, Respondent.— Order affirmed, without costs. All concur. (The order dismisses a writ of habeas corpus and remands the relator to custody.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

JOHN R. HOLLY, Respondent, v. ANTHONY SCIRTO and Another, Doing Business under the Trade Name and Style of LOCUST FRUIT STORE, Appellants.— Judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event on the ground that the jury finding of negligence on the part of the defendants was contrary to and against the weight of the evidence. Memorandum. There is no proof that any improper sawdust or ground cork was used upon the wet floor in the store in question. The most that can be claimed for the evidence is that such might have been used. This is not enough. There must be proof of carelessness on the part of the defendants in putting on the floor a dangerous substance. All concur. (The judgment was for damages for personal injuries sustained by falling on a store floor. The order denied a motion for a new trial on the minutes.) Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.