LOUIS L. TIEMAN, Appellant, *v.* DAVIES, TURNER & COMPANY, INC., and Others, Respondents, Impleaded with DAVIES, TURNER & COMPANY, LTD., and Others, Defendants.

First Department, March 7, 1941.

*Joseph L. Greenberg* of counsel [*Menken, Ferguson & Hills,* attorneys], for the appellant.

*Charles B. McGroddy, Jr.,* of counsel [*Albert Stickney* with him on the brief; *Larkin, Ra'hbone & Perry,* attorneys], for the respondent Davies, Turner & Co.

*Samuel Oberlander* of counsel [*Oberlander & Oberlander,* attorneys], for the respondents Altwater and Fern.

*William F. McDermott* of counsel [*Hardy, Stancliffe & Hardy,* attorneys], for the respondent Royals.

PER CURIAM. The exclusion of the deposition of the defendant Royals was in conformity with the provisions of section 303 of the Civil Practice Act, since no notice was given to the corporate defendant. The exclusion of the deposition of the vice-president of the corporate party defendant was erroneous. The deposition of an adverse party duly taken on notice is admissible by the plain terms of section 304 of the Civil Practice Act. (*National Fire Insurance Co.* v. *Shearman,* 223 App. Div. 127.) The error in excluding the vice-president's deposition, however, was harmless since it contained nothing substantial in support of the allegations of the complaint. There was a complete failure of proof to establish the cause of action as pleaded. Under the special circumstances herein, in the exercise of discretion, the complaint should have been dismissed without prejudice and the judgment should be amended accordingly.

The judgment appealed from should be modified by providing that the dismissal of the complaint is without prejudice, and as so modified affirmed, without costs.

Present — MARTIN, P. J., O'MALLEY, TOWNLEY, GLENNON and UNTERMYER, JJ.

Judgment unanimously modified by providing that the dismissal of the complaint is without prejudice, and as so modified affirmed, without costs.