GENERAL CERAMICS COMPANY, Appellant, *v.* SCHENLEY PRODUCTS COMPANY, INC., Respondent.

First Department, October 31, 1941.

*Avel B. Silverman* of counsel [*Rogers & Condon,* attorneys], for the appellant.

*Leonard P. Moore* of counsel [*Robert D. Shea* with him on the brief; *Chadbourne, Wallace, Parke & Whiteside,* attorneys], for the respondent.

CALLAHAN, J.   The plaintiff's first cause of action was dismissed for failure of proof.   One of the necessary items of proof held insufficiently established was that relating to the authority of defendant's purchasing agent to make the contract pleaded in the first cause of action.   The contract so asserted was an oral one for the manufacture and sale by plaintiff to defendant of 5,000,000 bottle stoppers.

Plaintiff attempted to prove the agent's authority by reading a deposition of one of the defendant's officers taken on an examination of defendant as an adverse party before trial.

Two issues are sought to be presented on this appeal.   The first involves the right of plaintiff to read into evidence the deposition referred to, and the second involves the question of the application of the parol evidence rule to the proof offered by plaintiff.

The trial court excluded the deposition upon the ground that, as a condition precedent to reading same, plaintiff was required to establish that the officer who had been examined was not available to testify in person. In so ruling the court referred to the provisions of section 304 of the Civil Practice Act and the case of *Miners & Merchants' Bank* v. *Ardsley Hall Co.* (113 App. Div. 194).

We recently had occasion to consider a like question in *Tieman* v. *Davies, Turner & Co., Inc.* (261 App. Div. 376). We there held that it was an error to exclude the deposition of an officer of a corporate party taken on an examination of said party before trial on the ground that the non-availability of the officer examined had not been established. We pointed out that section 304 of the Civil Practice Act contained an express exception to the effect that proof of non-availability was not required when the examination of an adverse party, as distinguished from that of a witness, was sought to be used. *Miners & Merchants' Bank* v. *Ardsley Hall Co.* (*supra*) does not hold contrary to this view. In that case the officer whose deposition was involved had been called as a witness and subjected to cross-examination before an offer was made to read his deposition. Even under such circumstances there was a sharp division among the justices who decided the appeal as to the right to read the deposition in addition to having the right of cross-examination. We hold that under the circumstances in the present case it was error to exclude the deposition of defendant's officer.

The judgment, in so far as appealed from, must be reversed because of this error.

While we deem that enough has been presented on the record before us to establish error in excluding the deposition (See *National Fire Insurance Co.* v. *Shearman*, 223 App. Div. 127), we cannot fairly pass on the second question, because the deposition which was rejected is not made a part of the record.

The examination of plaintiff's witnesses, in so far as it was permitted to proceed on the trial, appears to have been curtailed because the authority of the defendant's purchasing agent to contract was not established.

The question as to whether the plaintiff is precluded from proving an oral contract for the manufacture of 5,000,000 stoppers arises because one of the documents in evidence, which consisted of an order for 1,000,000 bottle stoppers, contained statements to the effect that it constituted " the sole and entire contract of purchase of the articles described " in said order. This order was signed by defendant only, but accepted by plaintiff. We cannot say at the present time that plaintiff may not establish that the written order referred to was only a part of a larger transaction, and that said

order was not intended by the parties to set forth the entire contract concerning the total number of stoppers to be manufactured. Furthermore, even if we assume that the parol evidence rule limits plaintiff to recovery on the written order, we find that less than the 1,000,000 ordered therein had been delivered. Therefore, it would seem that plaintiff would have the right to recover at least some damages under its first cause of action.

The judgment, in so far as appealed from, should be reversed and a new trial ordered, with costs to appellant to abide the event.

MARTIN, P. J., GLENNON, UNTERMYER and DORE, JJ., concur.

Judgment, so far as appealed from, unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.