CHARLES GOELL, Appellant, et al., Plaintiffs, *v.* UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Respondent.

First Department, April 9, 1943.

*Mitchell May* of counsel (*William Rosmarin* and *Seymour Weil* with him on the brief; *Levin, Rosmarin & Schwartz,* attorneys), for plaintiff-appellant.

*Stewart Maurice* of counsel (*Gerdes & Montgomery,* attorneys), for respondent.

TOWNLEY, J. This is an appeal from a judgment entered after a trial of two actions, consolidated by order of the Supreme Court. The first was brought by Charles Goell, the plaintiff, in the Municipal Court, to enforce payments for disability allegedly due under a life insurance policy. The defendant insurance company brought a companion action in the Supreme Court for the equitable relief of reformation based on the claim that Goell had mispresented his age and that at the time of the disability, if any occurred, he was beyond the age of sixty and, therefore, under the policy was not entitled to disability benefits. These two actions were consolidated by an order which provided that Goell should be the plaintiff and that the trial of the issues at Trial Term should be had prior to the trial of any issues at Special Term.

The issue in the Municipal Court action as tendered by the plaintiff was that certain payments were due under a policy which indicated the date of birth of the plaintiff. Under this issue the plaintiff made out a *prima facie* case on offering the policy in evidence and giving proof of his disability.

The cases are clear that the plaintiff has the advantage of a presumption that the age stated in the policy is the true age. This presumption stands until rebutted by evidence which may fairly satisfy the jury that the insured was in fact of some other age which would preclude plaintiff's right to any recovery. (*Sanganetti* v. *Prudential Ins. Co. of America,* 246 App. Div. 681; *Campanaro* v. *Prudential Ins. Co. of America,* 235 App. Div. 702; 8 Couch, Cyclopedia of Insurance, § 2247 a.)

: The defendant insurance company pleaded in the law action as an affirmative defense that either by mutual mistake or unilateral mistake on the part of the insurance company and fraud on the part of Goell, the contract did not represent the true agreement between the parties in that the permanent disability, if any, occurred after the anniversary of the policy on which the age of the plaintiff Goell at his nearest birthday was sixty years. The burden of proof of establishing this affirmative defense in avoidance of the plaintiff's claim was upon the defendant.

As the case was tried, the justice at Trial Term held that there was no presumption arising from the date stated in the policy and that the burden of proof to establish his age was affirmatively on the plaintiff. The only evidence which the trial court admitted in support of this theory was the testimony of the plaintiff himself as to his age. In the charge the plaintiff's case as thus limited was adversely criticized and presented to the jury in such a way that the verdict in favor of the defendant was inevitable.

In this type of case the question of the burden of proof is of great importance and may well affect the manner of presentation of the evidence and the result of the jury's deliberation. The error was, therefore, substantial and necessitates a new trial.

The trial court also excluded the deposition of the plaintiff taken in advance of trial on the ground that it was inadmissible as incompetent since the plaintiff was available to testify personally. We do not pass upon whether the contents of the deposition were relevant or material to the issue tendered. The deposition was, however, competent, as we have held in *Tieman* v. *Davies, Turner & Co., Inc.* (261 App. Div. 376) and *General Ceramics Co.* v. *Schenley Products Co. Inc.* (262 App. Div. 528).

Other assigned errors need not be adverted to since they will probably not occur on a retrial.

After the case had been tried at Trial Term, the equity case for reformation of the instrument was heard at Special Term. The justice at Special Term retried the entire case as to the age of the plaintiff and came to the same conclusion that the jury had come to. In this the court was in error. Under the order of consolidation the plaintiff was entitled to the determination by a jury of any questions arising in his law suit. He could not be deprived of this constitutional right by a retrial of that issue before a justice on the equity side of the court. The

fact having been determined once for all in the law suit between the parties, the justice at Special Term was bound to accept the jury's finding of fact without further trial.

The judgment should be reversed and new trials ordered, with costs to appellant to abide the event. In accordance with the order of consolidation, the trial of the law action should precede the trial of the equity action.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur; DORE, J., concurs in result.

Judgment unanimously reversed and new trials ordered, with costs to the appellant to abide the event. In accordance with the order of consolidation, the trial of the law action should precede the trial of the equity action.