John C. Leoneorte, J.
This action was tried before the court without a jury. Findings of fact and conclusions of law have been waived.
The action was brought to recover for negligence and breach of warranty in the purchase by plaintiff Ann Bacall of a breakfront from defendant. It appears that the plaintiff originally purchased a breakfront from defendant in November, 1958 but *171 that she went to defendant’s place of business in April, 1959 for the purpose of exchanging the breakfront for another model. She inspected a floor model and ordered one like the sample. On September 18, 1959 three men delivered the breakfront to plaintiff’s home and removed the one originally purchased. The new breakfront consisted of two sections, the bottom portion being about 27 inches high and weighing about 300 pounds and the top portion being about 59 inches high and weighing about 200 pounds. Along three sides of the bottom of the top section extended nine bolts which were designed to be inserted into the corresponding holes located on the top of the bottom section.
On August 29, 1960 almost a year after the delivery of the breakfront, while plaintiff Ann Bacall was cleaning the inside portion of the glass doors of the top section, she alleges that the top section came loose from the bottom section and fell on top of her and that she was injured. She claims damages for personal injuries and for property damages to the breakfront, and plaintiff Manuel Bacall seeks to recover damages for medical expenses and for loss of services.
Defendant’s attorney offered into evidence the examination before trial of the defendant by its employees Jack Kramer and Sam Zimering. The said examination was taken of defendant as an adverse party, and over the objection of plaintiff the court allowed the examination into evidence on the authority of Hill v. Hudson View Gardens (13 A D 2d 730); Murphy v. Casella (263 App. Div. 1001); General Ceramics Co. v. Schenley Prods. Co. (262 App. Div. 528); Tieman v. Davies, Turner & Co. (261 App. Div. 376); Masciarelli v. Delaware & Hudson R. R. Co. (178 Misc. 458).
Kramer testified that he was a deliveryman employed by the defendant and that he was one of the three men who made the delivery. It was his job to attach the nuts and washers to the bolts after the two portions of the breakfront were placed together, and he stated he would not leave a job unless this work was completed. Zimering testified that he was a warehouseman employed by defendant and his testimony substantiated that given by Kramer.
The examination before trial of the third employee of defendant, Jack Cohen, was also introduced into evidence, without objection by plaintiff, and Cohen testified that he was a chauffeur employed by defendant but that he could not remember whether nuts and washers were placed on the bolts in this particular case.
It is the plaintiff’s contention that nuts and washers should have been applied to the bolts after the two portions of the breakfront were put together so that the two portions would be *172 securely attached; that the nuts and washers wore never screwed onto the bolts but that the defendant merely inserted the nine bolts into the nine holes and left it at that and that defendant is therefore liable to plaintiff both in negligence and in breach of warranty. It is defendant’s contention that it did not breach any warranty nor that it was negligent in any manner whatsoever and that the plaintiffs therefore are not entitled to recover any damages from defendant.
After giving all of the evidence, including the exhibits, due and careful consideration, the court finds that plaintiffs have failed by a fair preponderance of the credible evidence to sustain their claim that defendant breached the warranty that the breakfront was fit for the purposes for which it was intended. An implied warranty of fitness for use applies only to the usual or apparent use of the article purchased (Poretz v. Macy & Co., 119 N. Y. S. 2d 211). It appears from the facts in this case that the breakfront functioned exactly as intended and was not inherently dangerous. Since no credible evidence was adduced to show any hidden defects, the court finds that the breakfront was therefore fit for the purpose intended.
The claim that the defendant breached its warranty of merchantability must also be dismissed by the court. “ Merchantable quality ”, under subdivision 2 of section 96 of the Personal Property Law, means 11 a good enough delivery to pass generally under that description after full examination.” (McNeil & Higgins Co. v. Czarnikow-Rienda Co., 274 F. 397, 399.) The word “merchantable ” as used under this section of the Personal Property Law has been defined as meaning “ at least a medium quality or goodness.” (Empire Cream Separator Co. v. Quinn, 184 App. Div. 302, 306.) Under these circumstances, since there is insufficient showing that the breakfront in this case was of unmerchantable quality, it cannot be stated that defendant breached such warranty.
There remains the cause based on negligence, and here too such claim is not substantiated by the evidence. There was clearly no showing of want of care or neglect of duty on the part of the defendant. No competent testimony was submitted by plaintiff to show that defendant violated any duty owed by it to plaintiffs. Although plaintiffs produced Monroe Peyser as an expert and he testified that in his opinion nuts and washers were never applied to plaintiff’s breakfront and that such omission was the competent producing cause of the occurrence, the court is constrained to. disregard. his entire testimony. It affirmatively appears from the evidence that Peyser was an office furniture cleaner and repairman and that his experience *173 with other furniture, including hreakfronts, was very limited and incidental. In fact, his testimony revealed that he never repaired a breakfront similar to the one purchased by plaintiff. Under such circumstances, the court must reject his testimony on value and cannot accept his opinion as to the cause of the accident. Assuming but not conceding that defendant failed to secure the two portions of the breakfront with nuts and washers, the evidence is devoid of any proof that such omission was the proximate cause of the accident. Judgment is therefore rendered in favor of the defendant dismissing the plaintiffs’ complaint on the merits.